UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL OVERTON, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | 1:1-06-cv-1513-DFH-JMS |
| ) | |
| MARION COUNTY SHERIFF'S OFFICER ) | |
| ROBERT HICKS et al, ) | |
|     Defendant. ) | |

## ENTRY ON DEFENDANTS' MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR PROTECTIVE ORDER

This matter is before the magistrate judge on the Marion County Defendants' Motion to Quash Deposition Notices (Dkt.# 41) and Motion for Protective Order (Dkt. #42). The motions are fully briefed, and being duly advised, the magistrate judge **DENIES** both motions for the reasons and to the extent set forth below.

**Background**

This case involves the September 2, 2005 arrest and use of force against the Plaintiff, Michael Overton ("Overton"). The CAD report of the incident lists 21 police officers present at the scene of the incident. Of those 21, three are already named defendants. An additional eleven officers have been listed as witnesses by the Marion County Sheriff Defendants (hereinafter, for purposes of this motion, "Defendants"). The report detailing the incident provides no details as to what any of the officers other than the three named defendants did or saw. Seeking to identify which other officers may have been present and/or participated when force was used, Overton served interrogatories on the Defendants on December 20, 2006. Interrogatory No. 11 asked the Defendants to identify each person who may be called as a witness at trial and to provide a

complete account of each person's expected testimony. Responses to the interrogatories were not received until July 27, 2007. The response to Interrogatory No. 11 did not provide the information requested by Overton and simply referred him to the Defendants' Preliminary Witness List. On August 9, 2007, Overton requested a supplement to Interrogatory No. 11, specifically stating that he has been "unable to determine the role of the other officers at the scene." He requested a response by August 16, 2007, "as a statute of limitations deadline looms for our client." (Overton's Response, pg. 5)

After not receiving a supplemental response with the necessary information, counsel for Overton contacted counsel for the Defendants on August 20, 2007, and further explained the need to learn which officers were on the scene when force was used in order to determine if additional parties should be added to the complaint before the statute of limitations expires September 2, 2007 (a Sunday, meaning a motion to amend would need to be filed by Friday, August 31, 2007). Counsel believed the only other option to learn the information he needed was to depose the two Marion County officers, or he would have no choice but to amend the complaint and add all of the officers listed as witnesses as defendants. The next day, both counsel, along with counsel for the Beech Grove Defendants, agreed they were available to take the depositions of Marion County Sheriff's Deputies Hicks and Beaton on August 29, 2007. However, subsequently counsel for the Defendants informed Overton's counsel that the officers were "unavailable" on August 29th for deposition. No further explanation for their unavailability was provided to Overton. Overton's counsel offered to limit the deposition to the specific information needed in order to determine if any other officers should be added as parties, which he believes would take 15 minutes per deponent. He offered to conduct the depositions before or after working hours and at Defendants' counsel's office. Unable to reach an agreement but

facing the statute of limitations deadline, Overton went ahead and served notices of deposition and subpoenas to Defendants on August 23, 2007.

**Motion to Quash**

The Defendants' move to quash the notices for the depositions, complaining Overton did not give reasonable notice of the depositions, as the notices were served three business days before the deposition. They further cite the deponents' unavailability and counsel's schedule as reasons the Court should quash the notices of deposition and issue a protective order to protect them from the "undue burden."

Rule 30(b)(1) of the Federal Rules of Civil Procedure requires "reasonable notice" of depositions. There is no fixed rule as to what constitutes "reasonable" notice. The analysis depends upon the circumstances of the case. *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 320, 327 (N.D. Ill. 2005). While the actual notice was served three business days before the depositions, counsel for all parties conferred and agreed upon the deposition date eight days beforehand. Overton is facing a statute of limitations deadline. Despite the Defendants' assertions to the contrary[1], he has made clear his need to learn the role of the other officers present in order to determine if additional officers should be added as parties to this suit. He requested the information in his written discovery, both initially and in requesting a supplement, and discussed it with the Defendants' counsel. He has indicated his flexibility in scheduling and conducting the depositions, and agreed to limit the scope, thus keeping the time necessary to

---

[1] In their reply, the Defendants assert that Overton indicated he needed to take these depositions to learn who was on the scene at the time force was used, and that he did not ask this question in his written discovery requests. Overton did not ask this exact question, but did ask questions that would clearly encompass this information. For example, he asked Defendants to identify each person that has personal knowledge of any matter set forth in the complaint, including "a complete account of what you believe to be each such person's personal knowledge." (Defendants' Reply, pg. 3).

conduct the depositions to a minimum.  Under the totality of the circumstances, given the exigency with respect to the statute of limitations deadline, the notice given is not unreasonable.

The exigency of this situation could have been avoided had the Defendants responded more timely and completely to Overton's interrogatories, especially when asked to supplement its response to Interrogatory No. 11.  While Overton's counsel "should have pressed" for more timely and complete responses to the written discovery, he chose not to.   Now the Defendants seek to use that fact against him in order to excuse their own shortcomings, by stating that he "never served a 26(f) letter on the Marion County Defendants and never filed a motion to compel." (Defendants' Motion to Quash, pg. 4).  As stated by Defendants' counsel, she had communicated with Overton's counsel about the discovery and sought extensions.  Had Overton's counsel nevertheless filed a motion to compel, Defendants' counsel would surely have protested such a move.  It is disingenuous for Defendants to complain about Overton's timeliness given their untimely discovery responses.

The Defendants objected to Interrogatory No. 11 as unduly burdensome in that it asks for a *complete* account of the anticipated testimony of each person who may be called as a witness at trial.  However, the Court would point out that the case management plan in this matter requires that the final witness list include a brief synopsis of the expected testimony of each witness.  The Court does not view such request as unduly burdensome.  Indeed, asking such a question in written discovery may obviate the need for depositions of each and every witness.  A brief summary could have been provided, with an objection as to a complete account being impossible for the reasons outlined in Defendants' motion.

For the foregoing reasons, the Defendants' Motion to Quash is **DENIED.**  The Defendants' shall submit to the noticed depositions, or in the alternative, all parties or potential

parties may agree, in writing, to toll the statute of limitations.  The Defendants' corresponding

Motion for Protective order is **DENIED.**

**SO ORDERED.**

08/27/2007

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

David Robert Brimm
WAPLES & HANGER
dbrimm@wapleshanger.com

Jaunae M. Hanger
WAPLES & HANGER
hangerj@iquest.net

Lakshmi Devi Hasanadka
OFFICE OF CORPORATION COUNSEL
lhasanad@indygov.org

Laurel S. Judkins
LOCKE REYNOLDS LLP
ljudkins@locke.com

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com